United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 12, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No.  03-60109
Summary Calendar
_____

HARNEK SINGH,

         Petitioner,

    v.

JOHN ASHCROFT, U.S. ATTORNEY GENERAL,

         Respondent.

_____

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A79 103 981

_____

Before HIGGINBOTHAM, DAVIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

    Harnek Singh, a citizen of India, petitions for review of the
Board of Immigrations Appeals' (BIA) order summarily affirming the
Immigration Judge's (IJ) denial of Singh's application for asylum
and withholding of removal.

    The petitioner first argues that the IJ's decision is not

_____

    [*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

-1-

entitled to deference given the BIA's summary affirmance. Singh's argument is foreclosed. *See Moin v. Ashcroft*, 335 F.3d 415, 418 (5th Cir. 2003); *Soadjede v. Ashcroft*, 324 F.3d 830, 831 (5th Cir. 2003). Because the BIA summarily affirmed without opinion, the IJ's decision is the final agency determination for our review. *Soadjede*, 324 F.3d at 831-32.

This court will "review the BIA's decision 'procedurally' to ensure that the complaining alien has received full and fair consideration of all circumstances that give rise to his or her claims." *Abdel-Masieh v. INS*, 73 F.3d 579, 585 (5th Cir. 1996) (internal quotations and citations omitted). This court must affirm the decision "if there is no error of law and if reasonable, substantial, and probative evidence on the record, considered as a whole, supports the decision's factual findings." *Howard v. INS*, 930 F.2d 432, 434 (5th Cir. 1991).

The petitioner argues that the IJ's opinion improperly relies on *Matter of R-*, 20 I&N Dec. 621 (BIA 1992). As noted by the IJ, to show that he has suffered past persecution an alien must do more than simply show physical abuse or civil rights violations by the police. *Matter of R-*, 20 I&N Dec. at 626. Mere "harassment" does not amount to persecution for purposes of establishing asylum eligibility. *See Bastanipour v. INS*, 980 F.2d 1129, 1133 (7th Cir. 1992). At most, petitioner's testimony shows that he was harassed by the police because of his suspected involvement with Sikh

separatists.

Finally, the petitioner argues that the IJ erred in not placing the burden of proving the reasonableness of internal relocation within India on the government. Where a petitioner has not shown past persecution, he must show a well-founded fear of future persecution in order to be eligible for asylum. 8 C.F.R. § 208.13(b). A petitioner does not have a well-founded fear of future persecution if he could avoid persecution by relocating to another part of his country. 8 C.F.R. § 208.13(b)(2)(ii). The petitioner bears the burden of proving that internal relocation would be unreasonable. 8 C.F.R. § 208.13(b)(3)(i). However, where "a party seeking asylum demonstrates that a *national government* is the 'persecutor,' the burden [shifts to] the INS" to show that internal relocation would be reasonable because the persecution is not country-wide. *Abdel-Masieh v. I.N.S.*, 73 F.3d 579, 586-87 (5th Cir. 1996) (quoting *Singh v. Moschorak*, 53 F.3d 1031, 1034 (9th Cir. 1995) (emphasis added); *codified in* 8 C.F.R. § 208.13(b)(3)(ii).

The petitioner's uncorroborated claim that the alleged persecution was sponsored by the national government of India is not sufficient to meet his initial burden of "demonstrating" that the persecution is government sponsored. Aside from this testimony, there is no evidence in the record which suggests that any persecution of Sikhs in Punjab was sponsored by the national

government of India.  Therefore, the burden of proving that internal relocation is unreasonable remains with the petitioner. The petitioner has not met this burden.  In fact, reports offered by petitioner from the Danish Refugee Counsel and the United States Department of State, both conducted in 2000, support the IJ's finding that Sikhs in other parts of India are not subject to persecution.

For the reasons stated above, the BIA's summary affirmation of the IJ's decision denying the petitioners application for asylum and withholding of removal is AFFIRMED.

AFFIRMED.